**The below described is SIGNED.**

**Dated: April 18, 2012**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

*Proposed and Submitted by:*
Andres Diaz (A4309)
Timothy J. Larsen (A10263)
Jonathan A. Diaz (A12073)
**1 ON 1 LEGAL SERVICES, P.L.L.C.**
307 West 200 South, Suite 2004
Salt Lake City, UT 84101
Telephone: (801) 596-1661
Fax: (801) 359-6803
Email: courtmail@adexpresslaw.com
 *Attorneys for the Debtors in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re:  GARY AND SUSAN DeROSE<br>1611 West 12950 South<br>Riverton, UT  84065<br>xxx-xx-7189; xxx-xx-8582 | Bankruptcy No. 10-29211<br>Chapter 11<br><br>FILED ELECTRONICALLY |
| Debtors in Possession. | Judge R. Kimball Mosier |

PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW PURSUANT TO THE
CONFIRMATION HEARING HELD APRIL 18, 2012

The Amended Plan of Reorganization dated February 29, 2012 (the "Plan"), proposed by the Debtors and Debtors in Possession, Gary and Susan DeRose (the "Debtors") came on for hearing on April 18, 2012.  All appearances were noted on the record.  The Court having been fully advised in the premises, IT IS HEREBY FOUND AND DETERMINED THAT:

1

Findings of Fact and Conclusions of Law

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157 (b)(2) and 1334(a))</u>. This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2); and, this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Bankruptcy Case.

3. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on, or filing objections to, the Plan, have been given to all known holders of Claims and/or Equity Interests in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, Ballots and Confirmation Notice were transmitted and served in substantial compliance with the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing was given in compliance with the Bankruptcy Rules, and no other or further notice is or shall be required.

4. <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the Plan complied with Bankruptcy Code §§ 1125, 1126 and 1127, Fed. R. Bankr. P. 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.  Based on the record before the Court in this Bankruptcy Case, the Debtors have acted in "good faith" within the meaning of Bankruptcy Code § 1125, and are entitled to the protections afforded by Bankruptcy Code § 1125(e).

5. <u>Distribution</u>.  All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests, and to tabulate the Ballots were fair, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations and orders of this Court.

6. <u>Plan Complies with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1).

    i. <u>Proper Classification (11 U.S.C. §§ 1122, 1123 (a)(1))</u>.  The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class.  The Plan properly classifies Claims and Interests.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates eight Classes of Claims and one Class of Equity Interests.  Article III of the Plan provides for the separate classification of Claims and Interests into nine distinct Classes based on differences in their legal nature or priority:  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests.  Thus, the Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

    ii. <u>Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  There are no

3

unimpaired claims under the Plan, thereby satisfying Bankruptcy Code § 1123(a)(2).

   iii. <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  All Classes are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of impaired Claims and Equity Interests, thereby satisfying Bankruptcy Code § 1123(a)(3).

   iv. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment for each Claim and Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying Bankruptcy Code § 1123(a)(4).

   v. <u>Implementation Of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying Bankruptcy Code § 1123(a)(5).

   vi. <u>Required Corporate Charter Provisions (11 U.S.C. § 1123(a)(6))</u>.  This provision does not apply because the Debtors are individuals, not a corporation.

   vii. <u>Selection Of Officers And Directors (11 U.S.C. § 1123(a)(7))</u>.  This provision does not apply because the Debtors are individuals, not a business entity.

   viii. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions for (a) the assumption of all executory contracts and unexpired leases and (b) the resolution of certain disputes between and among the Debtors and other parties in interest.

   ix. <u>Fed. R. Bankr. P. 3016(a)</u>.  The Plan is dated and identifies the entity submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a).

 7. <u>The Debtors Have Complied with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(2).

      i.      The Debtors are proper proponents of the Plan under Bankruptcy Code § 1121(c).

      ii.      The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices, and in soliciting and tabulating votes on the Plan.

8.      <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtors proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code § 1129(a)(3). The Debtors filed the proposed Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable, and expeditious resolution of the complex legal issues presented by this chapter 11 case.

9.      <u>Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case, including all fees and expenses incurred by Professionals, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code § 1129(a)(4).

10.      <u>Directors, Officers, And Insiders (11 U.S.C. § 1129(a)(5))</u>. This provision does not apply because the Debtors are individuals.

11.      <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Bankruptcy Code § 1129(a)(6) is satisfied because the Debtors are individuals and are not subject to the jurisdiction of any governmental regulatory commission over rate changes.

12.      <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies Bankruptcy Code § 1129(a)(7) because each Class of Claims that is impaired and entitled to vote

under the Plan either voted to accept the Plan or shall receive as much as they would receive under Chapter 7 of the Bankruptcy Code.

13. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. The Plan satisfies Bankruptcy Code § 1129(a)(8) because each Class of Claims has either accepted the Plan or the Plan does not unfairly discriminate against such Class of Claims and is fair and equitable with respect to each Class of Claims in accordance with Bankruptcy Code § 1129(b).

14. <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan satisfies the requirements of Bankruptcy Code § 1129(a)(9) because, except to the extent the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Administrative Expense Claims pursuant to Bankruptcy Code § 507(a)(1) and Priority Claims pursuant to Bankruptcy Code § 507(a)(2) through § 507(a)(8), shall be treated in accordance with the provisions of Bankruptcy Code § 1129(a)(9). The Debtors' counsel has agreed to be paid after the Effective Date of the Plan.

15. <u>Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>. All impaired Classes of Claims that voted on the Plan have voted to accept the Plan, and the acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any Insiders, thus satisfying Bankruptcy Code § 1129(a)(10).

16. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan is feasible and is not likely to be followed by a liquidation or further financial reorganization. The Debtors have presented credible and persuasive evidence that they will be able to make all payments required to be made under the Plan, and will otherwise be able to satisfy all of their obligations under the Plan.

17. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date of the Plan, thereby satisfying Bankruptcy Code § 1129(a)(12).

6

18. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  Because the Debtors have no obligation to provide retiree benefits, this provision does not apply.

19. <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Bankruptcy Code § 1129(b) has been satisfied because as to each impaired Class that has not voted to accept the Plan, the Plan does not unfairly discriminate and is fair and equitable.

20. <u>No Other Plan (11 U.S.C. § 1129(c))</u>.  No other Chapter 11 plan has been filed in connection with the Bankruptcy Case.

21. <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1129(d).

22. <u>Tax documents (1129(a)</u>.  All required tax documents have been filed with the Court.

23. <u>Plan Settlements (11 U.S.C § 1123(b)(3)(A)</u> .  In accordance with Bankruptcy Code § 1123(b)(3)(A) and Fed. R. Bankr. P. 9019, the Plan incorporates the terms of the settlements reached with Brighton Bank and Washington Federal Savings and the Debtors.  In entering into those settlements, the Debtors considered the following: (i) the probability of success in the litigation against the settling parties; (ii) the difficulties to be encountered in collecting upon any affirmative claims under those actions; (iii) the complexity and likely duration of such litigation and the attendant expense, inconvenience and delay resulting from such litigation, and (iv) the paramount interest of its creditors including the inability to confirm and consummate a consensual plan of reorganization.  The settlement of any disputes is well within the range of the Debtors' business judgment, and the Debtors have made a good-faith determination that the granting of the compromise, settlement, waiver and releases contained in

7

the Plan is in the best interest of the Debtors, their creditors, and all parties in interest.

---------------END OF DOCUMENT--------------

SERVICE LIST

Gary and Susan DeRose
1611 West 12950 South
Riverton, UT  84065

Carolyn Montgomery                                          (via ECF)

Arnold Richer                                               (via ECF)

United States Trustee's Office (Peter Kuhn)                 (via ECF)

1 On 1 Legal Services, PLLC                                 (via ECF)